UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALI CROSS,
    Plaintiff,

vs.                                                07-1345

LAWRENCE CORRECTIONAL CENTER STAFF, et al.
    Defendants.

### ORDER

       This cause is before the court for merit review of the plaintiff's amended complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review hearing by video conference.

       The plaintiff's initial complaint was a two page affidavit which stated that his time in the Department of Corrections had been a horror story.  The plaintiff did not clearly identify claims, but instead attached dozens of pages of exhibits. [d/e 1].  The court stated that the plaintiff could not expect the court to wade through his exhibits in an attempt to pick out potential claims.  The court found that the original complaint was a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* January 7, 2008 text order.

       The plaintiff was advised that Rule 8 requires the plaintiff to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *See also* January 7, 2008 Text Order.

       The court gave the plaintiff 21 days to file an amended complaint and the plaintiff was instructed he "should clearly state each of the plaintiff's intended claims with a brief explanation of what happened, which defendants were involved, which correctional center it occurred at and approximately when it occurred." January 7, 2008 Text Order.  The plaintiff was admonished not to attach exhibits to his complaint.  The clerk was also instructed to send a standardized complaint form to assist the plaintiff.

       The plaintiff has responded by filing an Amended Complaint [d/e 5] and a Motion for Leave to File an Amended Complaint. [d/e 10].  The amended complaint is twenty handwritten

pages and three exhibits.  The plaintiff did not use the standardized complaint form.  The plaintiff's complaint is a rambling account of incidents with no reference to any defendants.  The defendants cannot file an answer unless the plaintiff tells each defendant what he is accusing them of doing or not doing.  The second document which the clerk of the court filed as a motion for leave to amend his complaint, does not appear to be a motion or a proposed complaint.  Instead, it appears to be a rambling account of the plaintiff's beliefs.

During the merit review hearing, the court told the plaintiff that it still was not clear what the plaintiff was claiming.  The plaintiff was not able to adequately articulate his claims.  The plaintiff says officials are attempting to sabotage his pending litigation and are setting him up to continue delaying his release date.

During the hearing, the court also spoke with Dr. Wayne Fink, a psychologist, concerning the plaintiff's current medical treatment.  Dr. Fink says the plaintiff is not currently on any psycho tropic medications and does not fall into any specific diagnosis.  The doctor stated that they continue to attempt to rule out mental health conditions.  Currently, the doctor says they are attempting to "rule out paranoid schizophrenia."

The plaintiff's amended complaint again violates Rule 8 of the Federal Rules of Civil Procedure.  The court will strike both the amended complaint [d/e 5] and the motion to amend his complaint [d/e 10].

The court will give the plaintiff one last opportunity to file an amended complaint.  The plaintiff MUST FOLLOW THE COURT'S SPECIFIC INSTRUCTIONS:

1) The clerk of the court will provide the plaintiff with a standardized complaint form to guide him through the process.

2) The plaintiff should provide a brief explanation of his claims without relying on any exhibits.  **The statement of the plaintiff's claims should be no more than five pages**.

3) For each claim, the plaintiff should state:
    a) the name of the defendant or defendants;
    b) where the incident occurred, (for instance what correctional facility and what cell block or area in that facility);
    c) approximately when it happened, (for instance, what day or month in what year did it occur); and
    d) a one or two line explanation of what the defendant or defendants did or did not
    do.

If the plaintiff fails to follow these specific instructions, his complaint will be dismissed.  The plaintiff is also reminded that "a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42

2

U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The court notes that the plaintiff has also filed an "emergency request for relief." [d/e 9]. The plaintiff asks for "all legal documents' filed in this case.   The motion is denied.  The plaintiff is responsible for keeping a copy of any documents he files or receives from the court. If the plaintiff is accusing Illinois Department of Corrections Officials of taking his property, he should state who took his property, when they took it and what efforts he has made to retrieve it. If the plaintiff needs a copy of a specific document, he should clarify his request.

The plaintiff has also filed a motion for appointment of counsel. [d/e 7].  The plaintiff states no specific reason why counsel should be appointed, but cites to *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992).  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,*697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993) Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson,*953 F.2d at 1072-73; *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007).  The plaintiff's motion makes no such representation.

In addition, the court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim.

Lawyers who accept appointments to represent pro se plaintiffs in civil cases
are not guaranteed any compensation. Thus, before this court takes the significant
step of seeking out a lawyer willing to take the case, the court has an obligation to
insure that the issues raised in a particular case are both substantial and meritorious.
Further, the number of lawyers able to take court appointments is very limited.
Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs,
mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d  940,       951
(W.D.Wis   July 27, 2004).

The plaintiff must first follow the court's specific instructions and clearly state his claims against each named defendant.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to strike the plaintiff's amended complaint [d/e 5] and the plaintiff's motion for leave to file an amended complaint is denied.**

3

**[d/e10] The plaintiff's amended complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure.**

**2) The plaintiff must file a second amended complaint on or before March 28, 2008. The clerk of the court is to provide the plaintiff with a standardized complaint form. THE PLAINTIFF MUST FOLLOW THE SPECIFIC REQUIREMENTS OUTLINED IN THIS ORDER OR HIS CASE WILL BE DISMISSED.**

**3) The plaintiff's motion for emergency relief is denied. [d/e 9]**

**4) The plaintiff's motion for appointment of counsel is denied with leave to renew. [d/e 7]**

Entered this 3rd day of MARCH, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE