UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALI CROSS,
    Plaintiff,

vs.                                                                                                  07-1345

LAWRENCE CORRECTIONAL CENTER STAFF, et al.
    Defendants.

## DISMISSAL ORDER

On December 14, 2007, the pro se plaintiff filed his original complaint. On January 7, 2008, the court struck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* January 7, 2008 Text Order. The plaintiff had not clearly identify any claims but instead submitted a two page affidavit stating that his stay in the Department of Corrections had been a horror story. The plaintiff had also attached dozens of pages of exhibits.

The court instructed the plaintiff that he should clearly state each of his "intended claims with a brief explanation of what happened, which defendants were involved, which correctional center it occurred at and approximately when it occurred." *Id.* The plaintiff was admonished not to provide exhibits and he was given additional time to file an amended complaint.

The plaintiff responded by filing an Amended Complaint [d/e 5] and a Motion for Leave to File an Amended Complaint. [d/e 10]. The amended complaint was a rambling account of incidents with no reference to any defendants. The second document did not appear to be a motion but a rambling account of the plaintiff's beliefs.

The court then held a merit review hearing and the plaintiff participated by video conferencing. The court informed the plaintiff that it was not clear what the plaintiff was claiming. The court also took testimony from Dr. Wayne Fink, a psychologist, concerning the plaintiff's current medical treatment. Dr. Fink stated that the plaintiff was not currently on any psycho tropic medications and did not fall into any specific diagnosis. The doctor said the correctional center continued to attempt to rule out mental health conditions. Currently, the doctor said they were attempting to rule out paranoid schizophrenia.

The court struck the plaintiffs amended complaint and motion to amend the complaint. *See* March 3, 2008 Court Order. The court then spelled out very specific instructions for the plaintiff to follow in an attempt to help him clarify his claims. *Id.* The plaintiff was advised that the defendants could not respond to his claims until he could clearly state what he was accusing each defendant of doing or not doing. The plaintiff was also admonished that if he did not follow the court's specific instructions and file a complaint within the specified time period, his case would be dismissed. *Id.*

The court's order was returned as undeliverable and marked indicating that the plaintiff had been paroled. [d/e 16].  The plaintiff then provided a change of address, but failed to comply with the court's order.  The court gave the plaintiff one last copy of its order providing specific instructions to assist the plaintiff in filing a complaint that clearly delineated his claims. *See* June 27, 2008 Court Order.  The court also admonished the plaintiff that he must immediately inform the court of any future address changes.  In addition, the court stated that if the plaintiff failed to follow the court's directions, no further extensions would be granted and the plaintiff's case would be dismissed.

The court's order was again returned to the clerk of the court marked address unknown. [d/e 20, 21]  More than a month has passed since the plaintiff has last filed anything with the court.  The plaintiff has not provided his new address as directed.  The plaintiff has not followed the court's repeated instructions for filing an amended complaint.  Therefore, the plaintiff's case will be dismissed.

**IT IS THEREFORE ORDERED that:**

**1)  The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence.  See Fed. R.Civ. P. 41(b).**

**2) Although his case is dismissed, without prejudice, the plaintiff is still obligated to pay the $350 docketing fee.  See 28 U.S.C. § 1915. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full**

Entered this 31st day of July, 2008.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE